# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-00293-02-CR-W-HFS |
| | ) | |
| NOEL ZAVALA, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION FOR REVOCATION
## OF DEFENDANT NOEL ZAVALA'S RELEASE PENDING TRIAL

The United States of America respectfully moves this Court for revocation of defendant Noel Zavala's release pending trial and remand him to custody of the United States Marshal, pursuant to Title 18, United States Code, Section 3148(b)(1)(A) and (B).

The Government states the following:

1. On September 26, 2012, a federal grand jury returned an indictment charging defendant Noel Zavala with being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861. (Doc. No. 9.) The Government moved the Court to detain defendant without bail pending trial of this matter. (Doc. No. 11.) The Court denied the Government's motion for detention and released defendant on a $10,000 with 10% cash deposit bond. (Doc. No. 18.) Defendant was released into the third-party custody of his mother, Anna Zavala. (Doc. No. 18.) The conditions of release included the conditions that he not use an unlawful drug, not commit any criminal offense while on release, comply with curfew, and not possess a firearm.

2. On February 8, 2013, Pretrial Services submitted a violation report stating that defendant submitted a urine specimen that tested presumptive positive for marijuana and he subsequently admitted to using marijuana on November 13, 2012.

3. On February 26, 2013, Pretrial Services submitted another violation report stating that defendant was an occupant of a vehicle which was involved in a drive-by shooting around 4:47 a.m. and a firearm was recovered by officers.

4. A warrant was subsequently issued for defendant's arrest.

5. Defendant was arrested and is back in the custody of the United States Marshal pending the show cause hearing.

6. Defendant appeared before United States Magistrate Judge Sarah Hays on February 28, 2013.

## **SUGGESTIONS IN SUPPORT**

The United States moves for revocation of release pending trial. Pursuant to 18 U.S.C. § 3148(b), this Court must enter:

An order of revocation and detention if, after a hearing,

(1) finds that there is –

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

    (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttal presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. . . .

18 U.S.C. § 3148(b).

Federal Rule of Criminal Procedure 46(e) states in pertinent part as follows:

(1)   Declaration.   If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.
* * *
(2)   Enforcement.   When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon.   By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served.   Their liability may be enforced on motion without the necessity of an independent. . . .

In the present case, the defendant is involved in the commission of crimes.   Defendant violated his curfew, and this court was not notified by his third-party custodian Ana Maria Zavala that he had not complied with curfew.

WHEREFORE, the United States respectfully requests that the Government's motion for revocation of release pending trial be granted, that defendant's bond be revoked and that defendant be remanded to the custody of the United States Marshal.

    Respectfully submitted

    Tammy Dickinson
    United States Attorney

By    */s/ Rudolph R. Rhodes IV*
    Rudolph R. Rhodes IV, #39310
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East 9th Street, Fifth Floor
    Kansas City, Missouri   64106

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on March 5, 2013, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

      John Jenab
      Attorney at Law
      110 South Cherry
      Suite 103
      Olathe, Kansas 66061

      */s/ Rudolph R. Rhodes IV*

      Rudolph R. Rhodes IV
      Assistant United States Attorney

RRR/jm