IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | |
| | ) | 12-00293-02-CR-W-HFS |
| NOEL ZAVALA, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM TO COUNSEL

A clarifying memorandum seems desirable before sentencing proceedings are renewed. Counsel will remember that I was troubled by the appropriateness of the anticipated sentence of 33 – 41 months, using the Guidelines, when compared with (1) a drastic reduction in the anticipated sentence in the <u>Gallardo</u> sentence (case 10-97) the same day, and (2) my impression that the Attorney General's recent policy pronouncement signifies increased caution in prosecution and also in sentencing advocacy to avoid excessive imprisonment of defendants who are either marginally implicated with soundly targeted defendants or literally culpable and theoretically prone to law violations but not realistically as significant a threat to society as a Guideline sentence might indicate.

My observations were influenced by comments by Paul Becker in the <u>Gallardo</u> case, which indicated a personal change of attitude and perhaps an office reaction to the message from Washington. Although Mr. Becker and I recognized that the A.G.'s policy change did not specifically relate to firearms cases, he volunteered the following: "Considering the attorney generals memorandum and guidelines on incarceration, I think a variance is warranted here. I'm

not quite sure if probation is appropriate, but the court should consider those factors in assessing its sentence." (rough draft of sentencing transcript, consistent with what I remember). Mr. Becker acknowledged that the Gallardo history calculation was probably exaggerated, but I understand the comment to go beyond the effect of merely recalculating the Guidelines. The record at sentencing dealt with other grounds for leniency, and I used a year and a day sentence.

Defense counsel here is precluded by the plea agreement from seeking a below-Guideline sentence, but I am considering at least a modest reduction from the Guideline minimum. Government counsel should be aware that as a non-expert I am somewhat baffled by the significance of the sole violation charged here — possession of a sawed-off shotgun, in the trunk of Defendant's car, allegedly for defensive need. This defendant would not be subject to any prosecution if he had possessed a pistol for that purpose. I recognize that criminalization of sawed-off shotguns was motivated by the probability of use against persons rather than animals. I would be interested in expert testimony or at least argument by counsel comparing pistols and shotguns as defensive weapons for people feeling threatened, either personally or because of family vulnerability. Would a shotgun be more intimidating or more dangerous – if so, how? The sentencing Guidelines advocate a very substantial minimum sentence; what is the justification for use here (separating punishment for defendant from "guilt by association," which apparently would be his reason for obtaining a firearm for defensive use)?

I am ready for scheduled resentencing, when counsel are equally ready.

/s/ Howard F. Sachs
Howard F. Sachs
United States District Court Judge

September 11, 2013

Kansas City, Missouri