# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>NOEL ZAVALA,<br><br>      Defendant. | Case No. 12-00293-02-CR-W-HFS |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, respectfully submits this memorandum in connection with the sentencing of Noel Zavala, scheduled for October 1, 2013, at 1:30 p.m.

### A. Background

On September 11, 2012, Kansas City, Missouri police officers were on patrol when their attention was drawn to a silver 2003 Mercury Grand Marquis with an improperly displayed Missouri temporary tag, which was traveling west on 25th Street. (PSR ¶ 16.) Officers stopped the Grand Marquis. (PSR ¶ 16.) The driver of the car was identified as David ZAVALA. (PSR ¶ 16.) The front seat passenger of the Marquis was identified as ZAVALA's brother, Noel ZAVALA. (PSR ¶ 16.) A juvenile was in the rear passenger seat. (PSR ¶ 16.)

During contact with the occupants of the car, the officers detected the odor of burned marijuana emanating from the passenger compartment of the car. (PSR ¶ 16.) The officers removed the occupants and detained them, while a search of the passenger compartment was conducted in relation to the odor of marijuana. (PSR ¶ 16.) No marijuana was found in the car,

but it was determined that none of the individuals had a valid driver's license. (PSR ¶ 16.) All three occupants told the officers they had been smoking marijuana earlier in the car. (PSR ¶ 16.)

David Zavala's Missouri driver's license status was determined to be "reinstated-test," meaning that Zavala had no current valid license, but could obtain one after re-taking and passing the Missouri driver's test. (PSR ¶ 17.)

Zavala indicated the vehicle was co-owned by him and his brother Noel Zavala. (PSR ¶ 17.) David Zavala told the officers the car was titled in Noel Zavala's name, but had been paid for by him (David) and Noel. (PSR ¶ 17.) David Zavala told the officers that he and Noel Zavala took turns driving the car. (PSR ¶ 17.)

David Zavala was arrested for the driver's license violation, and because no licensed driver could be located for the car, it was towed for safekeeping. (PSR ¶¶ 38-40.) During an inventory search of the car, the officers located a Savage Arms, Model 62, .22 caliber rifle, Serial Number L213671, in the trunk. (PSR ¶ 18.) That rifle was loaded with .22 caliber ammunition. (PSR ¶ 18.) The barrel to that weapon was sawed-off and was later measured to be approximately 10 ½ inches in length. (PSR ¶ 18.) The stock to the rifle was modified and wrapped in black electrical tape. (PSR ¶ 18.) The overall length of the rifle was approximately 21 ¼ inches. (PSR ¶ 18.) The firearm was wrapped in a hooded sweatshirt and secreted behind a set of speakers. (PSR ¶ 18.)

On April 18, 2013, Noel Zavala pleaded guilty to Count Three in the indictment charging possession of an unregistered firearm. The Presentence Investigation Report (PSR) assigns Noel Zavala a Category II criminal history because he had a criminal conviction and committed the instant offenses of conviction while under a criminal justice sentence. (PSR ¶¶ 41, 45, 73.) The

PSR also recommends a total offense level of 21. (PSR ¶ 73.) Thus, the recommended advisory Guidelines range is 41 months to 51 months imprisonment. (PSR ¶ 73.)

### B. Possession of a Short-Barreled Shotgun Constitutes a Serious Risk to Another

In its Memorandum to Counsel, this Court inquires whether a sawed-off shotgun is more dangerous than a pistol. (Doc. 55.) The Eighth Circuit Court of Appeals has answered that question in the affirmative.

In *United States v. Lillard*, 685 F.3d 773, 775 (8th Cir. 2012), the Eighth Circuit dealt with the issue of whether a previous conviction for possession of a short-barreled shotgun is a "violent felony" under the Armed Career Criminal Act (ACCA).

The Eighth Circuit explained the dangerousness of a sawed-off shotgun as follows:

> Short shotguns are inherently dangerous because they are not useful except for violent and criminal purposes. Possession of a short shotgun indicates that the offender is prepared to use violence if necessary and is ready to enter into conflict, which in turn creates a danger for those surrounding the offender. Possession of a short shotgun presents a risk as a categorical matter at least equal to attempted burglary and fleeing from police in a vehicle – both violent felonies for purposes of ACCA. Possession of a short shotgun creates an extreme likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger. It is illegal to possess a short shotgun precisely because it enables violence or the threat of violence.
>
> * * *
>
> Short shotguns . . . are analogous to explosives in that both can inflict indiscriminate carnage. The Sentencing Commission has declared that possession of a sawed-off shotgun – and the use of explosives – are – crimes of violence, a term interchangeable with violent felonies. Possession of a short shotgun presents the type of danger similar in kind to the use of explosives.

*Id*. at 776-777 (citations and quotations omitted). Applying this reasoning to the question raised by this Court, Zavala's possession of a short-barrel rifle is more dangerous because it is similar to the use of explosives, rather than a pistol.

3

This Court also states that had Noel Zavala possessed a pistol, he would not be subject to prosecution. (Doc. 55, at 2.) However, Noel Zavala was in fact subject to prosecution as a prohibited person. (*See* Doc. 9, Count Two.) Noel Zavala was an unlawful user of marijuana, a Schedule 1 controlled substance, when he possessed the short-barreled rifle. (PSR ¶¶ 11, 14, 16, 18, 61-62.) Therefore, using the Court's hypothetical case of a pistol being present rather than a rifle, Noel Zavala would have been subject to prosecution for the offense of unlawful possession of a firearm by an unlawful user.

This Court concludes its Memorandum with wondering the justification for the Sentencing Guidelines sentence since possession of a sawed-off shotgun is used as a "defensive weapon." (Doc. 55, at 2.) The First Circuit Court of Appeals answers that question by stating that the United States Sentencing Commission, "which collects detailed sentencing data on virtually every federal criminal case, is better able than any individual court to make an informed judgment about the relation between simple unlawful gun possession and the likelihood of accompanying violence." *United States v. Fortes*, 141 F.3d 1, 7 (1st Cir. 1998). For this reason, this Court "should give some legal weight to the Commission's determination." *Id*. In fact, while on pretrial release, Noel Zavala was arrested on February 23, 2013, as he exited a car that was allegedly involved in a *drive-by shooting*. (PSR ¶ 11). Thus, the unregistered firearm is possessed allegedly for offensive purposes.

### E. THE GOVERNMENT'S SPECIFIC SENTENCING RECOMMENDATION

Therefore, in light of the seriousness of the offense, the need to protect the public, and the deterrent effect, the Government recommends a sentence at the top end of the applicable Guideline range.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By    /s/Rudolph R. Rhodes IV

Rudolph R. Rhodes IV, #39310
Assistant United States Attorney
Narcotics & Violent Crimes Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

rr:sgs

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on this 1st day of October, 2013, to the Electronic filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

John Jenab
Jenab Law Firm, P.A.
110 South Cherry Street, Suite 103
Olathe, Kansas 66061

/s/Rudolph R. Rhodes, IV
Rudolph R. Rhodes IV
Assistant United States Attorney